E-FILED
Monday, 09 November, 2009  10:52:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM LYNN CLAUSSEN,
    Plaintiff,

vs.                                                         09-1339

VICTOR TRANSCOSO, et al.
    Defendants.

## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff has filed his amended complaint pursuant to 42 U.S.C.§1983 against Warden Victor Transcoso from the Illinois River Correctional Center and various unspecified John Doe defendants.

The plaintiff says on August 14, 2009, he was returning from his cell when he was "clotheslined" by a black hose that was stretched across the day room. The plaintiff says an inmate was responsible for placing the hose in this position. The plaintiff says the inmate was not suppose to be out of his cell and was not normally assigned to work at that time. The plaintiff says he fell hard on his shoulder and had to go to the health care unit for medical care. The plaintiff says:

> I assert that I was injured due to failure of officers on duty to do their
> duties as they allowed (the inmate) to leave his cell to clean during peak
> hours of the day and without assignment office clearance. (Comp, p. 5).

The plaintiff has attached a grievance to his complaint that says the hose was on the floor from the laundry room to the shower. The plaintiff says as he stepped over the hose, an inmate picked it up, catching his foot and causing him to fall backwards. (Comp., p 7). The plaintiff says the defendants were deliberately indifferent to his safety.

The plaintiff has also included a statement from another inmate who says he has seen inmates stretch the house across the doorway from the laundry room to the shower on "numerous occasions." (Comp, p. 14) The inmate says the "practice is hazardous and violate's safety regulations." (Comp, p. 14).

The plaintiff has failed to identify how Defendant Victor Transcoso was responsible for

1

this incident. A defendants cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

In addition, the plaintiff has not identified any other defendant responsible for his claims and has instead simply listed unspecified "John Doe" defendants in the caption of his complaint. The plaintiff makes no other reference to these individuals. The case cannot proceed against unnamed defendants and the complaint does not put any defendant on notice of the claims against him. *See Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) ("the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim.")

The court also notes that the plaintiff cannot prevail on his claim unless he can demonstrate the defendants were aware of the danger BEFORE the plaintiff's accident. To prevail on his claim, the plaintiff must produce evidence that satisfies two elements. First, the danger to the inmate must be objectively serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir.2000). Second, the defendants must have acted with deliberate indifference. *Farmer*, 511 U.S. at 838. Regardless of whether the defendants intended harm, they need only have known of a substantial risk to inmate safety that they easily could have prevented but did not. *Id*. at 838; *Case v. Ahitow*, 301 F.3d 605, 605 (7th Cir.2002). In other words, deliberate indifference occurs when a prison official consciously disregards a known risk to the health or safety of an inmate. *Palmer v. Marion Co.*, 327 F.3d 588, 593 (7th Cir.2003).

The court will dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted against Defendant Transcoso. However, the court will allow the plaintiff an opportunity to amend his complaint. The complaint must stand complete on its own without reference to the original complaint. In addition, the plaintiff must make some effort to identify at least some of the defendants responsible for his allegations. What officers were responsible for the work detail? What officers were on duty at the time? Did these officers have any knowledge of the dangerous conditions?

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A and violation of Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ.P. 8(a)(2)**

**2) The court will allow the plaintiff an opportunity to file an amended complaint. The plaintiff must file his proposed amended complaint on or before December 4, 2009. The amended complaint must stand complete on its own without reference to the original complaint. If the plaintiff fails to file an amended**

**complaint before the December 4, 2009 deadline, his case will be dismissed.**

Entered this 9th Day of November, 2009.

                              **s\Harold A. Baker**
                _____
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE